IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome S. Garcia, | C/A No.: 5:23-6945-MGL-SVH |
| Plaintiff, | |
| v. | |
| Orangeburg County Detention Center; Orangeburg County Sheriff's Department; Orangeburg County; and Orangeburg County Sheriff Thomas Summers, | ORDER AND NOTICE |
| Defendants. | |

Jerome S. Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Orangeburg County Detention Center ("OCDC"), Orangeburg County Sheriff's Department ("OCSD"), Orangeburg County, and Orangeburg County Sheriff Thomas Summers ("Summers") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges he was housed in a two-man cell in OCDC with two other inmates. [ECF No. 1 at 7]. He also claims he was known to have high blood

pressure and was pre-diabetic. He alleges the cell did not have lights of running water and their complaints were ignored by staff, who only came in to provide feed. *Id.* Plaintiff alleges on the third day without water, he began vomiting, was unable to eat and drink, and he lost consciousness. Plaintiff claims his cellmates clogged the toilets to flood the entire pods because they were angry that the guards were ignoring them. *Id.* Plaintiff claims they were never given cleaning supplies and it was unhygienic. However, Plaintiff states that once the pod was flooded, he was rushed to medical and was placed on an IV drip for the whole day. Plaintiff claims the "medical staff panicked and tried to claim I had Covid 19" rather than being denied water. *Id.* at 7–8.

After receiving the IV he was placed in a cell with access to water, but was not provided access to shows, clean clothes, or communication with staff. *Id.* at 8. Plaintiff alleges the staff claimed the lockdown was because Plaintiff had Covid, but states he was not testing positive for Covid. *Id.* at 8.

During his time in OCDC custody, Plaintiff was made a trustee working in the kitchen preparing food for the jail staff and inmates. *Id.* at 9. Plaintiff also claims he made FOIA requests for tort surety insurance policies, but his requests were ignored, and he claims he can't exhaust his state tort claims without the requested information. *Id.*

II. Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

3

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Only Persons Can Be Sued Pursuant to § 1983

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act

under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names OCDC which is a facility used primarily to house detainees awaiting trial in state court. Similarly, OCSD and Orangeburg County are not persons. Because OCDC and OCSD are not persons amenable to suit under § 1983, they are subject to summary dismissal.

2. No Supervisory Liability Under § 1983

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a

5

result of deliberate indifference or tacit authorization). Because Plaintiff fails to allege any specific actions or inactions against Summers, he is entitled to summary dismissal.[1]

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 2, 2024**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

---

[1] Although Plaintiff alleges state tort claims, this court has to first determine whether he has alleged claims that give this court subject matter jurisdiction over his claims. If he fails to establish subject matter jurisdiction, the court will not have supplemental jurisdiction over his state law claims.

IT IS SO ORDERED.

January 12, 2024
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

7