

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| JEROME S. GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  5:23-6945-MGL |
| | § | |
| HOWARD YOUNG, VERNETIA DOZIER, | § | |
| and TIFFANY HARDY, | § | |
| Defendants. | § | |

### AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THIS CASE WITH PREJUDICE

Plaintiff Jerome S. Garcia (Garcia), who is representing himself, filed this lawsuit against Defendants Howard Young, Vernetia Dozier, and Tiffany Hardy (collectively, Defendants) in both their individual and official capacities.  At the time of the allegations in Garcia's amended complaint, Defendants were all employed by the Orangeburg-Calhoun Regional Detention Center (OCRDC).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting this case be dismissed without leave for further amendment.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

This case has a long and convoluted procedural history.  The Court will provide a short synopsis of it below.

After the Magistrate Judge filed the Report, the Court adopted it, noting Garcia had failed to file any objections to the Report.  The Clerk then closed the case.

Garcia then filed a motion for reconsideration, claiming he failed to receive a copy of the Report.  He also filed an amended complaint, with neither Defendants' consent nor asking this Court to do so.

The Court granted Garcia's motion for consideration and directed the Clerk to mail him another copy of the Report.  But, the case remained closed.

The Court directed the Clerk to strike the amended complaint from the docket, informing Garcia, in accordance with Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave."  But, he has failed to seek such leave. Garcia subsequently filed objections to the Report.

The Court has carefully considered Garcia's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

First, Garcia complains he "has attempted to file and hold the Defendants liable under the *Monell* Doctrine, and has yet to be allowed to fix his filing, or Amend his original complaint[.]" Objections at 1.  But, this is patently false.

2

After the Magistrate Judge informed Garcia he "may attempt to correct the defects in his complaint by filing an amended complaint[,]" he filed one. And, in the amended complaint, he specifically states "Defendants are held liable under [the] Monell Doctrine[.]" Amended Complaint ¶ 9.

In addition, as the Court noted above, it informed Garcia how to file a proper motion to amend after he filed his amended complaint without permission; but he neglected to file such a motion. Therefore, the Court will overrule this objection.

The Court will first consider the claims against Defendants in their individual capacities. Concerning Young, in the Report, the Magistrate Judge states, "[b]ecause [Garcia] fails to allege any specific actions or inactions against Young, [he] is entitled to summary dismissal." Report at 5.

In Garcia's objections, he states "Young [the County Administrator] implemented the Agencies new [COVID] policy." Objections at 8. But, that conclusory allegation, without more, is insufficient to survive dismissal. The Court has made a de novo review of the record and agrees with the Court's recommendation on this matter. Therefore, the Court will overrule this objection, too.

Regarding Dozier, the Magistrate Judge states

> [Garcia's] claims against Dozier appear to be related to Dozier's alleged refusal or failure to provide [him] with "Tort Surety Insurance policies." [Garcia] claims he needs these documents to exhaust his state tort claims. [He] alleges "Captain Dozier returned emails claiming I could pick up my requested information from March 2022 and she failed to produce the required surety policy, and requested material according to the State tort act. This denial is in fact the very Insurance policy violation, and a state crime." [Garcia's] allegations against Dozier are not violations of his Constitutional rights and are therefore not cognizable pursuant to 28 U.S.C. § 1983. Therefore, [Garcia] has failed to state a claim against Dozier.

Report at 5-6 (quoting Amended Complaint ¶¶ 40, 41).  In Garcia's objections, he claims "Dozier had every ability to fulfill her duty to relinquish her surety insurance policy[.]" Objections at 7.  But, because the Court concludes this fails to amount to a Constitutional violation, the Court will also overrule this objection.

As to Hardy, the Magistrate Judge concludes "[Garcia's] only allegations involving Hardy are . . . she falsely recorded . . . he had [COVID],which is not a violation of the Constitution.  Therefore, Hardy is also subject to summary dismissal."  Garcia fails to object to this statement.  Finding no clear error, the Court will dismiss any individual claims against Hardy.

Turning to Garcia's official capacity claims, "[t]he County of Orangeburg operates the [OCRDC]." https://www.orangeburgcounty.org/m/faq?cat=31 (last assessed on July 28, 2026).  And, "a suit against a [county] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the [county] itself."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

In Garcia's objections, he maintains "Young implemented the Agencies new policy, and . . . Dozier, and . . . . Hardy both personally held a "Deliberate Indifference to the emergency request of the plaintiff because all the agency's employees were afraid to contact the [COVID] virus, they refuse to provide the very normal, and basic needs of every inmate who was under quarantine."  Objections at 8.

Garcia devotes considerable attention to arguing for the application of the *Monell* Doctrine to the facts of this case.  Thus, the Court will summarize the doctrine briefly here.

In *Monell v. Dept of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, n.54 (1978), the Supreme Court held municipalities and "other local government units" that are barred from being considered

4

part of the State for Eleventh Amendment purposes are "persons" amenable to suit pursuant to § 1983 for official policies and customs that violate a federal right.

One is unable to bring a *Monell* claim against individuals, as *Monell* establishes only local government units can be considered "persons" under § 1983 under certain circumstances. *Id.* Further, "municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (citing *Monell*, 436 U.S. at 692-94).

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. Monell, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982).

The Supreme Court explains, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead . . . . each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *See Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

"Sporadic or isolated violations of rights will not give rise to Monell liability; only widespread or flagrant violations will." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 403 (4th Cir. 2014) (citation omitted) (internal quotation marks omitted).

But here, Garcia has failed to "plead . . . each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. Instead, except as discussed above, Garcia's amended complaint makes collective allegations against all three Defendants, without identifying how each of the individual Defendants personally interacted with him or how they were responsible for the denial of his Constitutional rights.

"Courts have been critical of complaints that fail to isolate the allegedly unconstitutional acts of each defendant, or  . . . make] only categorical references to Defendants[.] *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) (citations omitted) (internal quotation marks omitted) (alterations omitted).  "The courts have reasoned that requiring specific factual allegations for each defendant gives fair notice to that defendant of the plaintiff's claim and the underlying factual support." *Id*. The Court agrees with the reasoning of those courts.  Consequently, the Court will also overrule Garcia's objections concerning the application of the *Monell* doctrine to this case, as well.  As such, it will dismiss Garcia's official capacity claims against Defendants.

In Garcia's objections, it appears he is also seeking to bring an American with Disabilities claim, Objections at 5, although it is absent from his amended complaint.  But, a plaintiff is unable to amend his complaint in his objections.  *See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established . . . parties cannot amend their complaints through briefing or oral advocacy.").  Thus, this objection is also overruled.

The remaining objections are so lacking in merit as to make it unnecessary to address them. Accordingly, the Court will overrule those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Garcia's objections, adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein.  It is therefore the judgment of the Court Garcia's federal claims are **DISMISSED WITH PREJUDICE** and without leave for further

amendment; and his state claims are **DISMISSED WITHOUT PREJUDICE** so he can file them in state court if he wishes to do so.

**IT IS SO ORDERED**.

Signed this 30th day of July, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Garcia is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.